IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBBIE K. MOWDY                                                                 PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:19-CV-570-KS-RHW

HUNTINGTON INGALLS
INCORPORATED, *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendants' Motions to Dismiss [4, 12]. Plaintiffs' claims are preempted by ERISA and, therefore, dismissed with prejudice. If Plaintiff wants to replead and assert a cause of action under ERISA, he is free to file a motion seeking leave to amend. If Plaintiff does not file a motion seeking leave to amend within fourteen days of the entry of this opinion, the Court will enter a final order closing the case.

## I. BACKGROUND

Plaintiff was employed by Defendant Huntington Ingalls and received health insurance coverage under a group insurance plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). He alleges that he planned to retire when he reached the age of sixty, but he knew that he would need a surgery on his foot before he lost his employer-provided insurance. Plaintiff claims that representatives of his employer, the plan sponsor, represented to him that he could retire and his health insurance would cover the surgery scheduled one week after his retirement. Likewise, Plaintiff alleges that the plan administrator, Defendant

Anthem Blue Cross Life and Health Insurance Company, represented to him that his insurance would cover the scheduled surgery. Plaintiff alleges that he relied on these representations, but that the plan ultimately did not pay for the surgery.

Accordingly, Plaintiff filed this lawsuit, asserting an equitable claim of detrimental reliance against his employer and its plan administrator. He seeks payment of the medical bills that he contends should have been covered by the plan. Defendants filed motions to dismiss, which the Court now addresses.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule

12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, LLP*, 726 F.3d 717, 726 (5th Cir. 2013).

### III. DISCUSSION

Plaintiff asserted an equitable claim of detrimental reliance under Mississippi law. *See* Exhibit 2 to Notice of Removal at 5, *Mowdy v. Huntington Ingalls Inc.*, No. 1:19-CV-570-KS-RHW (S.D. Miss. Sept. 11, 2019), ECF No. 1-2. He claims that he relied on Defendants' representations that his health insurance would be effective after he retired until he received a COBRA payment notice. *Id.* at 3-4. He claims that Defendants specifically represented that his scheduled foot surgery would be covered. *Id.* at 4. According to Plaintiff, he would not have retired if he had known the surgery would not be covered. *Id.* at 5. Accordingly, he demands that Defendants pay the relevant medical bills, and that they "stand in the shoes of his insurer and provide coverage . . . ." *Id.*

Defendants argue that Plaintiff's claim is preempted by 29 U.S.C. 1144(a), which provides that ERISA "supersede[s] any and all State laws insofar as they . . . relate to any [ERISA-qualifying] employee benefit plan . . . ." 29 U.S.C. § 1144(a). The Supreme Court "has given section 1144(a) its 'broad common-sense meaning'; it reaches any state law that 'has a connection with or reference to' an ERISA plan." *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755, 756 (5th Cir. 1990) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 1553, 95 L. Ed. 2d 39 (1987)). "[E]ven indirect state action bearing on" ERISA-governed plans may be preempted, and because of its breadth, "state laws found to be beyond the scope of §

1144(a) are few." *Cefalu v. B. F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989).

It is undisputed that the plan at issue is governed by ERISA. "A defendant pleading preemption under 29 U.S.C. § 1144(a) must prove that: (1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationships among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants or beneficiaries." *Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 382 (5th Cir. 2011).

The Fifth Circuit has found that state-law claims asserted by a former employee against his former employer for the recovery of benefits allegedly owed under an ERISA-governed plan are preempted by federal law. For example, in *Lee*, the plaintiffs claimed that they relied on their employer's representation that it was not considering an early retirement program that would provide benefits under an ERISA-qualified plan. *Lee*, 894 F.2d at 756. The plaintiffs retired, but the employer later announced an early retirement program that provided coverage. *Id.* The *Lee* plaintiffs asserted state-law tort claims and sought recovery of the additional benefits they would have received if they had delayed their retirement. *Id.* The Fifth Circuit held that their claims were preempted because they sought "to recover benefits defined by their former employer's ERISA plan, benefits to which they would have become entitled but for a misrepresentation by their employer, during their employment, on which they relied to their detriment." *Id.* at 757.

Similarly, in *Degan*, the plaintiff asserted state-law claims against his former

employer and union, seeking early retirement benefits under an ERISA-qualified pension plan that he claimed the defendants promised him. *Degan v. Ford Motor Co.*, 869 F.2d 889, 891 (5th Cir. 1989). The Fifth Circuit held that his claims were preempted by ERISA because he sought to recover benefits under a covered plan. *Id.* at 893-94.

Finally, in *Cefalu*, the plaintiff claimed that his former employer promised that his retirement benefits would be greater than they were, and he sought recovery of additional benefits. *Cefalu*, 871 F.2d at 1291-92. The Fifth Circuit held that his claims were preempted by ERISA because if he succeeded, "his damages would consist of the pension benefits he would have received" but for his former employer's alleged misrepresentation. *Id.* at 1294.

These precedents require the Court to find that Plaintiff's claims are preempted by ERISA. Plaintiff seeks recovery of the insurance benefits he would have received if he had not retired in detrimental reliance upon Defendants' alleged misrepresentations. Therefore, his claim "address[es] an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan," and it "directly affects the relationships among traditional ERISA entities" – in this case, an employer/sponsor, a plan administrator, and a plan participant/beneficiary. *Access Mediquip*, 662 F.3d at 382.

Plaintiff argues that his claims are not preempted because he is not currently a participant in the plan. That fact is irrelevant. The Fifth Circuit has found that claims asserted by former employees/plan participants were preempted by ERISA.

*See, e.g. Lee*, 894 F.2d at 757; *Cefalu*, 871 F.2d at 1294.

Plaintiff also attempts to reframe his claim, arguing that he does not seek to recover benefits. But Plaintiff plainly requested in his pleading that the Defendants, his former employer and the plan's administrator, "stand in the shoes of his insurer and provide the coverage for his medical bills which would have otherwise been paid." Exhibit 2 [1-2], at 5. He also demands "reinstatement of the insurance contract . . . by paying all . . . sums that would have been expended in this transaction . . . ." *Id.*

Finally, Plaintiff argues that he will be left without any remedy if his state-law claim is preempted. The Court does not express any opinion as to whether ERISA provides a remedy for Plaintiff. But the "absence of a remedy under ERISA's civil enforcement scheme . . . does not alter" the Court's preemption analysis. *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1333 (5th Cir. 1992); *see also Lee*, 894 F.2d at 757; *Degan*, 869 F.2d at 895-96.

## IV. CONCLUSION

For these reasons, the Court **grants** Defendants' Motions to Dismiss [4, 12]. Plaintiffs' claims are preempted by ERISA and, therefore, dismissed with prejudice. If Plaintiff wants to replead and assert a cause of action under ERISA, he is free to file a motion seeking leave to amend. If Plaintiff does not file a motion seeking leave to amend within fourteen days of the entry of this opinion, the Court will enter a final order closing the case.

SO ORDERED AND ADJUDGED this 14th day of April, 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE